**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DAVID LENT** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:17-cv-454** |
| | § | |
| **STATE AUTO PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| | § | |
| **Defendant** | § | |

## AMENDED NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§1441(a), 1446 and 1332(a), State Auto Property and Casualty Insurance Company (hereinafter "State Auto"), submits this Amended[1] Notice of Removal, based on diversity jurisdiction, to the United States District Court for the Western District of Texas, San Antonio Division, of the action styled *David Lent vs. State Auto Property and Casualty Insurance Company*, and in support thereof, would respectfully show this Court as follows:

### I.  Introduction

1.1    Plaintiff is David Lent (hereinafter "Plaintiff"); Defendant is State Auto Property and Casualty Insurance Company (hereinafter "State Auto").

1.2     Plaintiff is the owner of property located at 107 Laramie Drive, San Antonio, Texas 78209.  Plaintiff 's causes of action herein related to alleged hail damage to Plaintiff's property and State Auto's adjustment of a claim related to the same..

---

[1] This notice is being amended solely for the purpose of correcting Defendant State Auto Property and Casualty Insurance Company's place of incorporation and principal place of business to Iowa.

1.3     On or about April 25, 2017, Plaintiff sued Defendant in a suit styled *David Lent vs. State Auto Property and Casualty Insurance Company*, Cause Number 2017C107537, in the 225th Judicial District Court of Bexar County, Texas and alleged, through various causes of action, that State Auto breached its contract of insurance with Plaintiff, violated various provisions of the Texas Insurance Code, violated the Texas Deceptive Trade Practices Act, committed common law bad faith, engaged in unfair insurance practices, and committed said violations of the insurance code knowingly.

1.4     On or about May 15, 2017, Defendant State Auto filed an Original Answer, Special Denials, Affirmative Defenses, Special Exceptions, Request for Disclosure, Rule 193.7 Notice, and Jury Demand in response to Plaintiff's Original Petition in state court.

1.5     Defendant State Auto files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)(3) and within one year of commencement of the action.

## II.  Basis for Removal

2.1     Removal is proper because there is complete diversity between the current parties to the suit. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiff is a citizen and resident of the State of Texas. Defendant State Auto Property and Casualty Insurance Company is a citizen of Ohio, with its place of incorporation and principal place of business in Iowa.

2.2     Based upon the claims asserted by Plaintiff in Plaintiff's Original Petition filed in the underlying suit, it is believed, and Plaintiff has claimed an amount that exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff's Original Petition expressly states that Plaintiff seeks monetary relief over $100,000.00.

2.3      All pleadings, process, orders, and other filings in the State Court action are attached to this notice as Exhibit "A" for all purposes herein as required by 28 U.S.C. §1446(a).

2.4      Venue is proper in this district under 28 U.S.C. §1441(a) because the property made the subject of this suit is located in this district.

2.5      Defendant State Auto will promptly file a copy of this Notice of Removal with the clerk of the State Court where the action has been pending.

### IV. Jury Demand

4.1      Plaintiff did demand a jury in the State Court action.

There is complete diversity between the current parties to the suit, and the amount in controversy exceeds $75,000.00 Defendant State Auto Property and Casualty Insurance Company requests that the Court remove this action from the 225th Judicial District Court of Bexar County, Texas to the to the United States District Court for the Western District of Texas, San Antonio Division.

RESPECTFULLY SUBMITTED on this the 17th day of July, 2017.

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.
State Bar No. 14207000
Federal ID No. 16627
LINDSAY P. DANIEL
State Bar No. 24082894
NAMAN, HOWELL, SMITH & LEE, PLLC
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
Telephone: 817-509-2025
Facsimile: 817-509-2060
Email: Charles.Mitchell@namanhowell.com
Email: ldaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       I certify that a true and correct copy of the above and foregoing was served upon counsel of record for all parties in the manner listed below, in accordance with *Federal Rules of Civil Procedure* on the 17th day of July, 2017.

*Via E-Filing*
James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E.,
Suite 200
Houston, Texas 77060

                                    /s/ Charles B. Mitchell, Jr.
                                    CHARLES B. MITCHELL, JR.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID LENT                              §
                                        §
        Plaintiff                       §
                                        §
vs.                                     §          CIVIL ACTION NO. 5:17-cv-00454
                                        §
STATE AUTO PROPERTY AND                 §
CASUALTY INSURANCE COMPANY              §
                                        §
        Defendants                      §

## APPENDIX/INDEX OF STATE COURT PLEADINGS
## NOTICE OF REMOVAL

| | | |
|---|---|---|
| 1. | State Court Docket Sheet | |
| 2. | Defendant State Auto Property and Casualty Insurance Company's Original Answer, Special Denials, Affirmative Defenses, Special Exceptions, Request for Disclosure, Rule 193.7 Notice, and Jury Demand | 05/15/2017 |
| 3. | Petition for Hail Damage Residential with Jury Demand | 04/25/2017 |
| 4. | Citation Certified Mail State Auto Property & Casualty Insurance Company; Issued: 04/27/2017 Received:04/27/2017; Executed: 05/02/2017 Returned 05/08/2017 | 04/27/2017 |


EXHIBIT

A



COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2017CI07537

**Name:** DAVID LENT

**Date Filed :** 04/25/2017

**Case Status :** PENDING

**Litigant Type :** PLAINTIFF

**Court :** 225

**Docket Type :** DEBT/CONTRACT

**Business Name :**

**Style :** DAVID LENT

**Style (2) :** vs STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY

## Case History

Currently viewing 1 through 7 of 7 records

| Sequence | Date Filed | Description |
|----------|------------|-------------|
| P00006 | 5/15/2017 | ORIGINAL ANSWER OF STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, SPECIAL DENIALS, AFFIRMATIVE DEFENSES, SPECIAL EXCEPTIONS, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE |
| P00005 | 5/15/2017 | JURY DEMAND JURY FEE PAID |
| S00001 | 4/27/2017 | CITATION CERTIFIED MAIL STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY ISSUED: 4/27/2017 RECEIVED: 4/27/2017 EXECUTED: 5/2/2017 RETURNED: 5/8/2017 |
| P00004 | 4/25/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00003 | 4/25/2017 | CIVIL CASE INFORMATION SHEET |
| P00002 | 4/25/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 4/25/2017 | PET FOR HAIL DAMAGE RESIDENTIAL W/JD |



EXHIBIT
A-1

FILED
5/15/2017 10:28:24 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

CAUSE NO. 2017C107537

| | | |
|---|---|---|
| **DAVID LENT** | § | **IN THE DISTRICT COURT OF** |
| **v.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **STATE AUTO PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | **225th JUDICIAL DISTRICT** |

### DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER, SPECIAL DENIALS, AFFIRMATIVE DEFENSES, SPECIAL EXCEPTIONS, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant State Auto Property and Casualty Insurance Company ("Defendant" or "State Auto"), in the above-referenced and numbered cause, and files this its Original Answer, Special Denials, Affirmative Defenses, Special Exceptions, Request for Disclosure, Rule 193.7 Notice, and Jury Demand in response to the allegations contained in Plaintiff's Original Petition, alleges and at the trial hereof will show as follows:

### I.
### GENERAL DENIAL

1.     Defendant State Auto generally denies each and every, all in singular, the allegations contained in Plaintiff's Original Petition and any subsequent pleadings, and demands strict proof thereof as required by law.

### II.
### SPECIAL DENIALS

2.     Defendant expressly denies that Plaintiff has complied with all conditions precedent for the bringing of this action as contained in the policy of insurance sued upon and as contained in the *Texas Insurance Code.*


EXHIBIT
A-2

3.     Defendant specifically denies that it has violated any provision of the *Texas Insurance Code*. Defendant contends and alleges that it has acted in compliance with the *Texas Insurance Code* with regard to Plaintiff's claim.

4.     Defendant specifically denies that any provision of Chapter 542 of the *Texas Insurance Code* was violated. State Auto complied with all deadlines regarding Plaintiff's claim.

5.     Defendant specifically denies that it has been provided with proper notice under the *Texas Insurance Code* and the *Texas Civil Practice and Remedies Code* § 38.002 regarding attorney's fees, as the amount of and demand for attorney fees is an unreasonable amount as compared to the hours, investment of time, and other legal factors to determine the reasonableness and necessity of an attorney fees award.

6.     Defendant specifically denies that liability is reasonably clear as it relates to Plaintiff's claim.

7.     Defendant specifically denies that it made any representation to Plaintiff other than the policy itself.

### III.
### AFFIRMATIVE DEFENSES

8.     Defendant further states by way of affirmative defense, if such be necessary, the terms and conditions of the policy.

9.     Defendant further states by way of affirmative defense, if such be necessary, Defendant is not liable to Plaintiff because the conditions precedent for recovery under the subject policy have not been satisfied.

10.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff as Defendant acted in compliance with the *Texas Insurance Code* with regard to Plaintiff's claim.

10.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff as Defendant had a reasonable basis for its actions with regard to Plaintiff's claim.

11.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff as liability was not reasonably clear with regard to Plaintiff's claim.

12.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant is not liable to Plaintiff for additional damages as the Defendant did not knowingly or intentionally violate the *Texas Insurance Code* or any other statute.

13.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant conducted a reasonable investigation as required by the *Texas Insurance Code*.

14.     Defendant further states by way of affirmative defense, if such be necessary, that punitive damages, if any, are subject to the caps and limits as set forth in the *Texas Civil Practice and Remedies Code* Chapter 41, other statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.  Furthermore, any damages found under the *Texas Insurance Code* or DTPA are capped at no more than three times the amount of economic damages.

15.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant State Auto did not breach its contract with Plaintiff.

16.     Defendant further states by way of affirmative defense, if such be necessary, that Defendant State Auto complied with all applicable deadlines with regard to Plaintiff's claim.

17.    Defendant further states by way of affirmative defense, if such be necessary, that Plaintiff is only entitled to recover for any loss only that amount of such "insured's" interest at the time of the loss as specified by the policy.

18.    Alternatively by way of affirmative defense if such be necessary, if Plaintiff has sustained any covered loss, then Defendant states that the policy sued upon provides that if a loss occurs to the insured, the insured shall protect the property from further damage.  Instead of so protecting the property after knowledge of the loss, Plaintiff allowed damage to continue to the property. Under such circumstances, a reasonable uninsured owner would have prevented further damage of his property.  Therefore, because of this breach, Defendant is not liable for any loss after such time as when the Plaintiff discovered his loss but took no action to prevent further damage.

19.    Alternatively, and only if Plaintiff is entitled to any recovery herein, which is not admitted and which is expressly denied, Defendant further states that the policy sued upon provides that the insured company's liability shall not exceed the actual cash value of the property at the time of the loss ascertained with proper deduction for depreciation, nor the amount it would cost to repair or replace the property with material of like, kind and quality, with proper deduction for depreciation within a reasonable time after the loss, nor shall it exceed the interest of the insured. Defendant insists and relies upon this provision in defense of this case.

20.    In the alternative and by way of affirmative defense, if such be necessary, although the said policy provides for replacement cost coverage under certain circumstances, Plaintiff is not entitled to such since (1) no election therefore was made in any proof of loss; (2) no liability accrues thereof until actual repair or replacement is completed within the maximum time limit as provided for in the policy, and (3) the liability under such coverage cannot exceed the amount actually and necessarily expended in repairing and replacing the damage.  To Defendant's

knowledge, no repairs have been accomplished.  Should Defendant be mistaken in all of the above, it has also asserts that to be entitled to said replacement cost coverage, Plaintiff must establish that the whole amount of the insurance applicable to the described dwelling was eighty percent (80%) or more of the full replacement cost of the dwelling at the time of the loss. Defendant insists upon these provisions in defense of the claims made herein.

21.     Alternatively, and by way of affirmative defense if such be necessary, the policy also provides that a sum of dollars shall be deducted from the aggregate amount of each loss, and Defendant asserts and relies upon said deductible clause which is applicable to the Plaintiff's alleged loss.

22.     Alternatively, and by way of affirmative defense if such be necessary, the policy also provides that any and all payments made for damages occurring and covered under the policy shall be payable to both the insured(s) and any mortgage holder(s) named in the policy, therefore no award for damages under the policy maybe entered without naming the mortgage holder(s).

## IV.
## SPECIAL EXCEPTIONS

23.     Defendant State Auto specially excepts wherein Plaintiff alleges boiler plate violations of the *Texas Insurance Code* and *Deceptive Trade Practices Act* without even providing a summary of the conduct which supports such claims because said allegations are vague, indefinite, and do not specifically set forth the factual allegations upon which Plaintiff is relying upon to support these causes of action.  For these reasons, Defendant State Auto is not apprised of what proof it will be required to meet under these allegations; therefore, it cannot properly prepare its defenses to these allegations.  Said allegations should be stricken.

## V.
## JURY DEMAND

24.    Said Defendant demands a jury trial.

## VI.
## REQUEST FOR DISCLOSURE

25.    Under *Texas Rule of Civil Procedure* 194, said Defendant requests that Plaintiff discloses, within 30 days of the service of this request, the information or material described in Rule 194.2.

## VII.
## RULE 193.7 NOTICE

26.    Defendant hereby gives notice to all parties that all documents produced in response to any party's discovery requests shall be treated as if self-authenticated for use at any pretrial and/or trial of this case.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Auto Property and Casualty Insurance Company respectfully prays that the Court dismiss this suit or render judgment that the Plaintiff takes nothing, assess costs against the Plaintiff, and award all other and further relief, at law or in equity, to which the said Defendant may show itself justly entitled.

RESPECTFULLY SUBMITTED on this the 15th day of May, 2017.

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.
State Bar No. 14207000
Federal ID No. 16627
LINDSAY P. DANIEL
State Bar No. 24082894
NAMAN, HOWELL, SMITH & LEE, PLLC
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
Telephone: 817-509-2025
Facsimile: 817-509-2060
Email: Charles.Mitchell@namanhowell.com
Email: ldaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon counsel of record for all parties in the manner listed below, in accordance with Rules 21 and 21(a) of the Texas Rules of Civil Procedure, on the 15th day of May, 2017.

*Via E-Filing*
James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E.,
Suite 200
Houston, Texas 77060

/s/ Charles B. Mitchell, Jr.
CHARLES B. MITCHELL, JR.

.

## VERIFICATION

STATE OF ___Texas___

COUNTY OF ___Polk___

§
§
§

Before me the undersigned notary, on this day personally appeared Frank Nania, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My named is Frank Nania. I have read the foregoing State Auto Property & Casualty Insurance Company's Original Answer, Affirmative Defenses, Special Exceptions, Request for Disclosure, Rule 193.7 Notice, and Jury Demand. The facts stated in Section II Special Denials are within my personal knowledge and are true and correct."

_Frank Nania_
Frank Nania

"BEFORE ME, ___Karen L Johnson___ undersigned notary, on this _15th_ day of ___May___, 2017, personally appeared Frank Nania, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _15_ day of May, 2017."

_____
Notary Public, State of ___Texas___

_Karen L Johnson___
Notary Printed Name

My Commission Expires:

___5-13-18___

KAREN _ JOHNSON
County ___ Number 758278
My Commission Expires
May 13, 20 __

FILED
4/25/2017 2:02:46 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

citcml-sac2 w/jd

### 2017CI07537

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID LENT | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE AUTO PROPERTY & | § | **225th** |
| CASUALTY INSURANCE COMPANY | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF DAVID LENT'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, David Lent, (hereinafter referred to as "Plaintiff"), complaining of State Auto Property & Casualty Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Bexar County, Texas.

3. State Auto Property & Casualty Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered

---



EXHIBIT
A-3

agent of service, Corporation Service Company, located at the following address: 211 East 7th Street Suite

620, Austin TX 78701

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant State Auto Property & Casualty Insurance Company because

Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas

and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

Specifically, State Auto Property & Casualty Insurance Company sought out and marketed for insurance

in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v.*

*General Interior Constr., Inc.,* 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Bexar County, Texas, because the Property is situated in Bexar County, Texas. TEX.

CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant State Auto Property & Casualty Insurance Company,

(hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 107 Laramie Drive, San Antonio, Texas 78209.

9. Defendant State Auto Property & Casualty Insurance Company and/or its agent sold the Policy insuring

the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he
is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal
or household use.

11. On or about April 17, 2016, Plaintiff experienced a severe weather related event which caused substantial
damage to the Property and surrounding homes and businesses in the area. The Property's damage
constitutes a covered loss under the Policy issued by Defendant State Auto Property & Casualty Insurance
Company. Plaintiff subsequently opened a claim on April 17, 2016 and Defendant State Auto Property &
Casualty Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant State Auto Property & Casualty Insurance Company wrongfully underpaid
Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed
under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned
adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to
intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed
to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not
conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim
improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly
conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned
adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to

place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant State Auto Property & Casualty Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant State Auto Property & Casualty Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant State Auto Property & Casualty Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant State Auto Property & Casualty Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either

done with the full authorization or ratification of Defendant State Auto Property & Casualty Insurance

Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas

Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this

subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the

definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

---

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant State Auto Property & Casualty Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant State Auto Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant State Auto Property & Casualty Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Auto Property & Casualty

Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant State Auto Property & Casualty Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

---

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant State Auto Property & Casualty Insurance Company represented to Plaintiff that his Policy and State Auto Property & Casualty Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this Original Petition, Defendant State Auto Property & Casualty Insurance Company represented to Plaintiff that his Policy and State Auto Property & Casualty Insurance Company's adjusting

and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant State Auto Property & Casualty Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant State Auto Property & Casualty Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant State Auto Property & Casualty Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant State Auto Property & Casualty Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Auto Property & Casualty Insurance Company, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which

Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably

believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant State Auto Property & Casualty Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant State Auto Property & Casualty Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Auto Property & Casualty Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages

were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Auto Property & Casualty Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant State Auto Property & Casualty Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant State Auto Property & Casualty Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny

full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

_Plaintiff David Leal's Original Petition_

provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Bexar County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Auto Property

& Casualty Insurance Company, disclose all information and/or material as required by Rule 194.2,

paragraphs (a) through (l), and to do so within 50 days of this request.

---

## II. REQUESTS FOR PRODUCTION

1. Please produce State Auto Property & Casualty Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Auto Property & Casualty Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Auto Property & Casualty Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Auto Property & Casualty Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Auto Property & Casualty Insurance Company and its assigned adjuster, and all correspondence between State Auto Property & Casualty Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person State Auto Property & Casualty Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If State Auto Property & Casualty Insurance Company or State Auto Property & Casualty Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Auto Property & Casualty Insurance Company or any of State Auto Property & Casualty Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Auto Property & Casualty Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.   The date and manner in which State Auto Property & Casualty Insurance Company received notice of the claim;

    b.   The date and manner in which State Auto Property & Casualty Insurance Company acknowledged receipt of the claim;

c.   The date and manner in which State Auto Property & Casualty Insurance Company commenced investigation of the claim;

d.   The date and manner in which State Auto Property & Casualty Insurance Company requested from the claimant all items, statements, and forms that State Auto Property & Casualty Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.   The date and manner in which State Auto Property & Casualty Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date State Auto Property & Casualty Insurance Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Auto Property & Casualty Insurance Company's document retention policy.

10.  Does State Auto Property & Casualty Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does State Auto Property & Casualty Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Auto Property & Casualty Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Auto Property & Casualty Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiff prays that judgment be entered against Defendant State Auto Property & Casualty Insurance Company and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which

he is due as a result of the acts of Defendant State Auto Property & Casualty Insurance Company, and for all

such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the

award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this

lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed

by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself

to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

CERTIFIED MAIL #7015166000034275942 Case Number: 2017-CI-07537

DAVID LENT

*Plaintiff*

vs.

STATE AUTO PROPERTY & CASUALTY INSURANC

*Defendant*

(Note: Attached document may contain additional litigants).

2017CI07537 S69901

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

DIRECTED TO: STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701

"You have been sued: You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 25th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 27TH DAY OF APRIL A.D., 2017.

PETITION

DEREK L FADNER
ATTORNEY FOR PLAINTIFF
411 N SAM HOUSTON PKWY E 200
HOUSTON, TX 77060



**Donna Kay M$^{c}$Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez*, Deputy

---

Officer's Return

Came to hand on the 27th day of April 2017, A.D., at 2:28 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ Citation, upon which I endorse the date of delivery, together with the accompanying a true copy of this copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M$^{c}$Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez*, Deputy

ORIGINAL (DK003)



EXHIBIT
A-4

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

RETURN SERVICE REQUESTED

7015 1660 0000 3427 5942



FIRST-CLASS MAIL

neopost
05/02/2017
U.S. POSTAGE  $007.92⁰

ZIP 78205
041M12250025

STATE AUTO PROPERTY & CASUALTY INSURANCE C
C/O CORPORATION SERVICE COMPANY
211 E. 7TH ST. STE
AUSTIN, TX 78701

2017CI0T537  4/27/2017  CITCM  NORMA GONZALEZ